# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1855-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PORFIRIO A.
NUNEZ-MOSQUEA,

    Defendant-Appellant.

_____

Submitted January 24, 2022 – Decided February 3, 2022

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 12-08-1139 and 12-08-1142.

The Allongo Law Firm, LLC, attorneys for appellant (Falguni Patel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Porfirio A. Nunez-Mosquea, a non-citizen of the United States, appeals from a January 28, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In May 2014, a jury convicted defendant of multiple counts charged in a Middlesex County indictment for the kidnapping and attempted sexual assault of a college student at gunpoint in New Brunswick. Defendant thereafter pled guilty to certain persons not to have weapons, charged in a companion indictment that was bifurcated for trial purposes. Judge Diane Pincus, who presided over defendant's trial, sentenced defendant to an aggregate prison term of thirty-nine years. We affirmed defendant's convictions and sentence on direct appeal, State v. Nunez-Mosquea, No. A-2594-14 (App. Div. 2017) (slip op. at 25), and the Supreme Court denied certification, 232 N.J. 287 (2018). We incorporate by reference the details of this stranger-to-stranger crime, which were set forth at length in our prior opinion. Nunez-Mosquea, No. A-2594-14 (slip op. at 2-7).

In January 2019, defendant filed a petition for PCR, with the assistance of counsel. In his certification dated August 16, 2018, defendant alleged his retained trial attorney was ineffective for failing to: meet with defendant to review discovery and prepare trial strategy; communicate plea offers; "seek

additional DNA testing"; locate evidence from the crime scene; and file an alibi notice. PCR counsel subsequently withdrew defendant's petition without prejudice and thereafter filed the present petition. Defendant apparently reasserted his initial claims and further contended trial "[c]ounsel was ineffective for failing to advise him of the immigration consequences of a conviction."[1]

Following oral argument, Judge Pincus reserved decision. Shortly thereafter, the judge issued a cogent written opinion, squarely addressing the cumulative errors alleged in view of the governing Strickland/Fritz[2] framework. The judge denied all claims for relief. Citing controlling precedent, the judge essentially concluded defendant either failed to support his "bald assertions" or the record belied his claims.

As to the immigration consequences of his plea, Judge Pincus found the record demonstrated defendant "repeatedly misrepresented his immigration

---

[1] Because only defendant's August 16, 2018 certification was included in the appendix on appeal, we glean the arguments raised before the PCR judge from her written decision and the parties' appellate briefs.

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984) (recognizing to establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense"); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

A-1855-20

status to both [trial c]ounsel and the [c]ourt." Referencing the plea form, the judge noted defendant answered, "Yes" to Question 17a, "Are you a citizen of the United States." The judge noted defendant skipped the remaining subparts of Question 17, pursuant to the plea form's instructions. Further, during his plea colloquy, defendant answered, "Yes," when the judge asked whether he was a United States citizen.

Accordingly, the PCR judge found defendant failed to demonstrate trial counsel's performance was deficient under the first Strickland prong. The judge nonetheless analyzed the second prong, and concluded defendant was "unable to show actual prejudice." Recounting the trial evidence, Judge Pincus noted the "very strong case" presented by the State, including "compelling" testimony by the victim and eyewitnesses. The judge elaborated:

> The [v]ictim was able to direct police to the location to which she was taken, a basement apartment in which [defendant] had recently lived and to which he still had a key. The [v]ictim had bruises on her face and body. The [v]ictim described her assailant's vehicle which was parked in front of [defendant]'s home. The [v]ictim's description of her assailant's clothing matched clothing found at [defendant]'s home. [Defendant] was found with scratches on his thighs. DNA recovered from the [v]ictim indicated that [defendant] could not be excluded as a contributor. In [defendant]'s apartment, police found several items belonging to the [v]ictim, including her ID and phone, as well as the gun used during the crimes.

4

Against those proofs, the PCR judge rejected defendant's bald assertion that the State "was likely to allow him to plead to an offense that would not carry immigration consequences." This appeal followed.

On appeal, defendant reprises the same arguments asserted before the PCR court. More particularly, defendant argues:

POINT I

TRIAL COURT ERRED IN RULING THAT PADILLA[3] DOES NOT APPLY IN THIS MATTER BECAUSE IT FAILED TO CONSIDER THAT THE RECORD DEMONSTRATES THAT TRIAL COUNSEL DID NOT EXPLORE [DEFENDANT]'S IMMIGRATION CONSEQUENCES AT ALL DESPITE HIS AFFIRMATIVE OBLIGATION TO DO SO.

POINT II

TRIAL COURT ERRED IN RULING THAT TRIAL COUNSEL WAS NOT DEFICIENT IN HIS COMMUNICATIONS WITH [DEFENDANT] REGARDING PLEA OFFERS BECAUSE SUCH IS A FACTUAL QUESTION RELATING TO THE NATURE AND CONTENT OF OFF-THE-RECORD CONFERENCES BETWEEN TRIAL COUNSEL AND [DEFENDANT] THAT SHOULD HAVE BEEN ASSESSED THROUGH AN EVIDENTIARY HEARING.

---

[3] Padilla v. Kentucky, 559 U.S. 356 (2010).

A-1855-20

## POINT III

TRIAL COURT ERRED IN RULING THAT TRIAL COUNSEL DID NOT COMMIT CUMULATIVE ERRORS TO PROVE A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

Having considered defendant's contentions in view of the applicable law, we are satisfied he failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. See State v. Preciose, 129 N.J. 451, 462 (1992). We affirm substantially for the reasons expressed by Judge Pincus in her well-reasoned decision, and thereby conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1855-20